```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                          EASTERN DIVISION
                          No. 4:95-CR-41-8H
```

UNITED STATES OF AMERICA    )
                            )
v.                          )
                            )
BARKLEY GARDNER,            )              **ORDER**
Defendant                   )
                            )


This matter is before the court on the latest in the slew of motions filed by defendant Gardner contesting his convictions and life sentence. The following motions are now before the court:

1. DE #966 Motion pursuant to Fed. R. Civ. P. 60(b)
2. DE #967 Motion pursuant to Fed. R. Civ. P. 15(c)
3. DE #972 Motion Requesting Judicial Notice be Taken
4. DE #987 Motion Pursuant to Red R. App 28(J)
5. DE #991 Motion for Clarification of Filing Date
6. DE #993 Motion Pursuant to Fed. R. App. P. 28(J)
7. DE #998 Motion Requesting Judicial Notice and Motion to Amend
8. DE #1001 Motion Requesting Judicial Notice
9. DE #1002 Motion Submitting Documents in Support
10. DE #1035 Motion Requesting Judicial Notice
11. DE #1038 Motion of Supplemental Authority
12. DE #1043 Motion to Amend Letter Emailed April 11, 2020
13. DE #1049 Motion of Supplemental Authority
14. DE #1051 Motion Requesting Judicial Recommendation
15. DE #1055 Motion to Amend/Correct
16. DE #1057 Motion to Amend regarding US v. Keene

While defendant has filed multiple motions, a review of the record reveals that all his motions relate to his motion at DE #966 in which he seeks to have this court reconsider portions of its order on his section 2255 motion from more than a decade ago.

Federal Rule of Civil Procedure 60(b) is an extraordinary remedy that permits a court to "relieve a party from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). To do so, a party must demonstrate "exceptional circumstances" warrant granting the relief. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Additionally, the party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Werner, 731 F.2d at 207. The six specific sections of Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer

2

equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court finds defendant has not shown exceptional circumstances warranting such relief. Therefore, the motions are DENIED.

This 15th day of December 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26