```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    EASTERN DIVISION
                   No. 4:95-CR-41-8H
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| BARKLEY GARDNER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is defendant's Section 404 First Step Act motion, on remand from the Fourth Circuit Court of Appeals following a joint motion by the parties to remand.

### BACKGROUND

Following a lengthy trial, defendant and several codefendants were convicted by a jury on racketeering, drug, and violent crime charges. Petitioner was found guilty of counts 1 through 7 of the Fourth Superseding Indictment and not guilty on counts 10 and 11. [DE ##309, 525]. Petitioner was sentenced by this court to six concurrent life sentences on counts 1, 2, 3, 5, 6, and 7, and 120 months on count 4 to run concurrently with the life sentences. At that time, the guidelines were mandatory. On appeal, defendant's conviction and sentence were affirmed, and on December 16, 2002,

the United States Supreme Court denied petitioner's petition for a writ of certiorari. See United States v. Celestine, et al., 43 F. App'x 586 (4th Cir. 2002) (unpublished) (per curiam) cert. denied, Gardner v. United States, 537 U.S. 1095 (2002).

On January 3, 2019, Defendant moved for relief under Section 404 of the First Step Act. [DE #999]. The court appointed counsel to represent him under this district's Standing Order on February 27, 2019. [DE #1000]. Defendant filed several notices of supplemental authorities and other filings while his motion was pending. Counsel filed a motion for reduction of sentence on October 19, 2020, along with a sealed memorandum in support. [DE ## 1062, 1063]. The government responded in opposition [DE #1070], and defendant replied through counsel [DE #1072]. Probation filed a Modification to the Presentence Report [DE #1073], and defendant filed objections [DE #1074]. This court then granted the motion in part [DE #1077], and defendant appealed [DE #1082]. In February 2021, the Fourth Circuit granted the parties' joint motion to remand for reconsideration in light of United States v. McDonald, No. 19-7668 (4th Cir. January 22, 2021). The mandate issued on March 15, 2021. [DE #1107]. Prior to issuance of the mandate, defendant filed a sealed document in support of his motion [DE #1104] and has filed a Notice of Suggestion of Subsequently Decided Authority [DE #1114]. The government has made no additional filings since remand.

The First Step Act of 2018 ("First Step Act") makes certain provisions of the Fair Sentencing Act of 2010 retroactively applicable to defendants sentenced prior to its enactment. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for [certain offenses involving cocaine base] may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Id. § 404(b).

Mr. Gardner is eligible for relief under Section 404 of the First Step Act. First, Mr. Gardner's sentence was imposed under a statutory section the penalties for which were modified by the First Step Act. Second, his crack cocaine offense was committed before August 3, 2010. Third, he was neither sentenced nor resentenced under Sections 2 or 3 of the Fair Sentencing Act of 2010. Finally, Mr. Gardner has not had a previous motion under Section 404 denied after a complete review on the merits. See First Step Act § 404(a)-(c); United States v. Wirsing, 943 F.3d 175, 185-86 (4th Cir. 2019) (analyzing eligibility requirements under Section 404 and stating that "[t]here is no indication that Congress intended a complicated and eligibility-limiting determination at the "covered offense" stage of the analysis"); United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020)(holding that a person convicted of both covered and non-covered offenses

3

was eligible for relief under the First Step Act). Therefore, he is eligible for consideration of a reduced sentence.

In imposing a sentence under section 404, the Fourth Circuit has articulated the following requirements:

> First, district courts must accurately recalculate the Guidelines sentence range. Compare Chambers, 956 F.3d at 672, with Dillon, 560 U.S. at 821, 130 S. Ct. 2683 (holding that a district court may only "substitute the amended Guideline range" in § 3582(c)(2) proceedings). Second, and relatedly, district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence. Compare Chambers, 956 F.3d at 672–74, with Dillon, 560 U.S. at 831, 130 S. Ct. 2683 (holding that district courts lack the discretion to correct errors unaffected by a Guidelines amendment). Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate. See Chambers, 956 F.3d at 674. Unlike sentence modification proceedings under § 3582(c)(2)—which limit use of the § 3553(a) factors to determining simply whether to reduce a sentence to within a predetermined range—we permit courts to use the § 3553(a) factors to more comprehensively shape sentencing decisions and even depart downward from the new Guidelines range. Compare id., with Dillon, 560 U.S. at 830, 130 S. Ct. 2683.

United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021).

This court will take into account the § 3553(a) factors, to include (A) Mr. Gardner's culpability in the offense and the need to avoid unwarranted disparities; (B) his history and characteristics, post-sentencing conduct, work history, and educational courses and the like; (C) lowered risk for recidivism;

4

and (D) the revised statutory penalty and guideline changes. See, e.g., United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020) (quoting Pepper v. United States, 562 U.S. 476, 491 (2011)) (holding that 18 U.S.C. § 3553(a) factors apply in a First Step Act § 404(b) resentencing); see also United States v. Martin, 916 F.3d at 389, 398 (4th Cir. 2019), and United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021) (where substantial mitigating rehabilitation evidence is introduced and not available at the initial sentencing hearing, a court must weigh that conduct and, if in its discretion the court still believes that positive trajectory deserves no rehabilitation, it shall provide an individualized explanation for its decision).

Turning to the reduced statutory penalties, the statutory penalty for count 3 is reduced to a maximum of 20 years.[1] Count 4 now carries a statutory maximum of 10 years.[2] Counts 1, 2, 6, and 7 remain at a statutory maximum of life, but life is no longer the mandatory sentence as the guidelines are now discretionary.[3]

---

[1] Count 3 – Based on the drug amount alleged in the drug conspiracy indictment and found beyond a reasonable doubt by the jury (i.e., no specific drug amount), the statutory penalty range for Mr. Gardner's drug offense would fall from 10 to life to 0 to 20 years of imprisonment. 21 U.S.C. § 841(b)(1)(C).

[2] Count 4 – "[F]or attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both." 18 U.S.C. § 1959(a)(5).

[3] Counts 1 & 2: "Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment) or both" 18 U.S.C. § 1963(a). Counts 1 and

However, count 5, murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and (2), continues to require a statutory minimum sentence of life imprisonment.[4] Defendant contends that life imprisonment is not the statutory minimum penalty because § 1959(a)(1) also lists a fine as a sentencing option.

While the court certainly understands this reading of the statute, the Fourth Circuit has held, "[u]nder the plain language of § 1959(a)(1), Congress has authorized two penalties—and only two penalties—for the crime of murder in aid of racketeering: 'death or life imprisonment.'" United States v. Under Seal, 819 F.3d 715, 720 (4th Cir. 2016). The Fourth Circuit explains more fully in the accompanying footnote:

> [Section] 1959(a)(1) reflects [that] a person convicted of murder in aid of racketeering is also subject to a fine. However, we do not believe Congress intended a fine to be a stand-alone penalty for committing this offense. Rather, we agree with the Second Circuit's analysis in United States v. James, 239 F.3d 120 (2d

---

[2] carry a statutory maximum of life because of the underlying act of murder, of which defendant was found guilty beyond a reasonable doubt by the jury in Count 5. See 18 U.S.C. §§ 1959, 1962(c), 1963.

Count 6 – "[I]f death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death." 18 U.S.C. § 2119(3) & 18 U.S.C. § 2.

Count 7 – "[I]f the killing is a murder (as defined in section 1111) be punished by death or by imprisonment for any term of years or for life;" formerly 18 U.S.C. § 924(i), now 18 U.S.C. § 924(j)(1).

[4] Count 5 – "[F]or murder, by death or life imprisonment, or a fine under this title, or both." 18 U.S.C. § 1959(a)(1) & 18 U.S.C. § 2.
Count 6 – "[I]f death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death." 18 U.S.C. § 2119(3) & 18 U.S.C. § 2.

> Cir. 2000), which observed that it would be "deeply problematic" for Congress to have authorized a penalty of a fine only as an alternative to "death or life imprisonment," and that this cannot have been what Congress intended. As such, the better construction of this statute is that it authorizes a fine in addition to either "death or life imprisonment." Id. at 126–27; see also United States v. Mahdi, 598 F.3d 883, 897 n.13 (D.C. Cir. 2010) (reaching this same "common sense conclusion").

Id. n.5.

This court lacks the authority to sentence defendant to a sentence below the statutory minimum on any particular count. See Collington, 995 F.3d at 357 (first citing Chambers, 956 F.3d at 674-75 & 675 n.4; then citing Gravatt, 953 F.3d at 264 n.5).

Turning to the § 3553(a) factors, including post-sentencing conduct, Barkley Gardner has diligently worked to put his life on the right track over the past 25 years of incarceration, despite no hope of ever being released. Over the course of two years, he earned his General Education Development (GED) certificate. He has worked steadily and consistently in the prison for decades. Currently, he works in the UNICOR general maintenance department where he has been employed for over 13 years, and he has also taken programming courses. Finally, he has had only four infractions, with none in over 20 years. He has submitted numerous letters in support of his sentence reduction. His criminal history category was a level III at his original sentencing. Several of defendant's

7

co-defendants were released from custody a number of years ago. Defendant has been in custody since October 1995 and had never been to prison at the time he was sentenced for this offense. He has spent over half his life incarcerated for these charges.

If released, Mr. Gardner plans to live with his brother, Fred Gardner, Jr., in Brooklyn, New York. Mr. Gardner's brother lives alone and welcomes his younger brother to live with him. His sister, Denise, who also lives close by in New York, and she would also assist Mr. Gardner in getting to and from any employment and with any necessities that he may have. There is also available public transportation that will make travel to and from employment convenient for Mr. Gardner. Barkley plans to seek employment with a welding company, as he is a talented welder and enjoys this type of work.

## CONCLUSION

The court finds that defendant is eligible for a sentence reduction, and based on the § 3553(a) factors and his post-sentencing conduct, defendant's motion is hereby granted. The Court finds the guideline range remains at life. However, based on the § 3553(a) factors and the post-sentencing conduct noted above, the court varies from the guidelines. Count Five, however, carries a statutory minimum of life, and therefore this court lacks authority to reduce the sentence on this count. Therefore, the

defendant is sentenced to 360 months' imprisonment on counts 1, 2, 6, and 7. This is a variance from the guidelines, as noted above. On count three, defendant is sentenced to the statutory maximum of 20 years. On count four, defendant is sentenced to the statutory maximum of 10 years. On Count 5, defendant is sentenced to the statutory minimum of life. All sentences shall run concurrently, producing a total term of life imprisonment. The term of supervised release for Count 3 is lowered to 3 years, concurrent with the 5-year terms imposed on each of Counts 1, 2, and 5-7, and the 2-year term imposed on Count 4. An amended judgment is being entered along with this order.

    This 26th day of May 2021.

                                        Malcolm J. Howard
                                        Senior United States District Judge

At Greenville, NC
#26